**SO ORDERED**

**Dated August 05, 2003**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **PG&E NATIONAL ENERGY GROUP, INC.,** *et al.* | * | Case No.: 03-30459 (PM) and 03-30461(PM) through 03-30464(PM) |
| | * | Chapter 11 |
| **Debtors.** | | (Jointly Administered under |
| | * | Case No.: 03-30459 (PM)) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER GRANTING DEBTORS' MOTION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY AND COMPENSATE PROFESSIONALS FOR SPECIFIC SERVICES RENDERED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO PETITION DATE**

Upon consideration of the Motion for Order Authorizing Debtors to Employ and Compensate Professionals for Specific Services Rendered in the Ordinary Course of Business *Nunc Pro Tunc* to Petition Date (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and after consideration of any objections filed thereto, and any hearing held thereon; and it appearing that adequate notice of the Motion was provided and that no other or further notice is necessary; and for good cause shown; and it appearing that the relief requested in the Motion is in the best

1

interests of the Debtors, their creditors and estates; it is, by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED**, that the Motion be, and hereby is, GRANTED; and it is further

**ORDERED**, that all capitalized terms not defined herein shall have the meanings ascribed to them in the Motion; and it is further

**ORDERED**, that the Debtors may, in the ordinary course of their business and affairs as debtors-in-possession, employ professional persons for the performance of tasks related to the Debtors' ordinary operations and course of business (the "Ordinary Course Professionals") as such Ordinary Course Professionals are identified on **Exhibit A** to the Motion. Professionals utilized by the Debtors to handle matters in connection with the chapter 11 cases or related litigation, other than ordinary course or ministerial matters, will be retained by the Debtors pursuant to individual retention applications, as allowed by the Court; and it is further

**ORDERED**, that the acceptance of employment by Ordinary Course Professionals shall constitute a representation by the Debtors and the involved professionals that:

> (a) the arrangements for compensation reached between the Debtors and such professionals shall be reasonable based upon the nature, extent and value of such services, the time spent on such services, and the cost of comparable services other than in a case under chapter 11 of the Bankruptcy Code, and that any reimbursement of expenses will be for actual and necessary costs, not exceeding out-of-pocket outlays; and

(b) all transactions between the Debtors and such professionals shall be subject to section 329 of the Bankruptcy Code, as well as to all other provisions of the Bankruptcy Code regulating the services rendered by professionals seeking and receiving compensation;

and it is further

**ORDERED**, that the Debtors may pay to the Ordinary Course Professionals on a monthly basis without formal application to the Court 100% of the interim postpetition fees and disbursements included in an appropriate invoice that sets forth in reasonable detail the nature of the services rendered, provided the fees and disbursements to be paid to any such Ordinary Course Professional do not exceed $25,000.00 (twenty-five thousand dollars) in any calendar month or $100,000.00 (one-hundred thousand dollars) in any six month period; provided, however, that the Debtors may exceed such amounts in any calendar month or six month period, as the case may be, with the consent of any statutorily appointed committee in these cases (a "Committee") and the Office of the United States Trustee (the "UST"); and it is further

**ORDERED**, that the Debtors will provide to the UST, and to any Committee, a quarterly report setting forth:

(a) all Ordinary Course Professionals who received payments during each month in that quarter;

(b) the aggregate amount of payments to each Ordinary Course Professional to date; and

(c) the substance of the work performed by each Ordinary Course Professional during the quarter;

and it is further

**ORDERED**, that the Debtors and each Ordinary Course Professional shall, upon request of the UST or any Committee, provide the UST or any Committee such further, non-privileged, detail regarding the work performed by the respective Ordinary Course Professional or their connection to parties in interest as may be appropriate; and it is further

**ORDERED**, that at any point in time, the UST may notify the Debtors in writing that the UST does not believe a particular Ordinary Course Professional should remain eligible to be treated as an Ordinary Course Professional (a "Former Ordinary Course Professional").  Such notice shall trigger a requirement that the Former Ordinary Course Professional file an application to be employed pursuant to § 327; and it is further

**ORDERED**, that any Committee may file a motion at any time seeking the Court's determination that a particular Ordinary Course Professional should be required to file an application to be employed pursuant to § 327 and be considered a Former Ordinary Course Professional; and it is further

**ORDERED**, that any Application pursuant to § 327 filed by a Former Ordinary Course Professional shall, for all purposes, be *nunc pro tunc* to the Petition Date or when the Former Ordinary Course Professional was first employed by the Debtors, whichever is later; and it is further

**ORDERED**, that the Debtors are authorized to hire additional Ordinary Course Professionals provided that the Debtors give notice of the hiring of such additional Ordinary Course Professionals to the UST and counsel to any Committee and file such notice with the Court; and it is further

**ORDERED**, that this Order does not constitute a finding that a person or entity employed as an Ordinary Course Professional is not a "professional" as that term is defined and used in the Bankruptcy Code.

### END OF ORDER

cc:	Matthew A. Feldman, Esquire
	Shelley C. Chapman, Esquire
	Willkie Farr & Gallagher
	787 Seventh Avenue
	New York, NY  10019-6099

	Paul M. Nussbaum, Esquire
	Martin T. Fletcher, Esquire
	Whiteford, Taylor & Preston, L.L.P.
	Seven Saint Paul Street, Suite 1400
	Baltimore, Maryland 21202-1626

	John L. Daugherty, Esquire
	Assistant United States Trustee
	6305 Ivy Lane, Suite 600
	Greenbelt, MD 20770

*1502461*