**SO ORDERED**

**Date signed December 09, 2003**



```
                                    _____
                                            PAUL MANNES
                                        U. S. BANKRUPTCY JUDGE
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **NATIONAL ENERGY & GAS TRANSMISSION, INC. (f/k/a PG&E NATIONAL ENERGY GROUP, INC.),** *et al.* | * * | Case No.: 03-30459 (PM) and 03-30461 (PM) through 03-30464 (PM) and 03-30686 (PM) through 03-30687 (PM) Chapter 11 |
| **Debtors.** | * | (Jointly Administered under Case No.: 03-30459 (PM)) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER ESTABLISHING PROCEDURES FOR SALES OF EXCESS ASSETS

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession in the cases (collectively, the "Debtors"), for an order, pursuant to sections 105 and 363 of the Bankruptcy Code, as complemented by Bankruptcy Rule 6004, authorizing and empowering the Debtors to sell Excess Assets, whether or not in the ordinary course of their businesses, without the need for further Court approval and based upon the procedures set forth in the Motion, and it appearing that notice of the Motion is proper and that no other or further notice is necessary; and upon consideration of any objections or other responses filed; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their

estates, creditors and other parties in interest; and upon the Motion and the record of any hearing held to consider the Motion; and after due deliberation and good and sufficient cause appearing therefore; it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion; and it is further

**ORDERED**, that, pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Debtors are authorized and empowered to sell the Excess Assets[1] without the need for further approval of this Court; and it is further

**ORDERED**, that the Debtors shall provide written notice, by fax or hand delivery, of any intended sale of the Excess Assets to the Notice Parties at least ten (10) days prior to the closing of such sale; and it is further

**ORDERED**, that the Debtors are authorized to use the services of brokers and/or appraisers and to compensate such brokers and appraisers in the ordinary course of their businesses on usual and customary terms, in connection with the sale of the Excess Assets; and it is further

**ORDERED**, that the Debtors shall keep a detailed accounting of the proceeds from all such dispositions of Excess Assets and the cost of any broker services used for each such transaction, if any; and it is further

**ORDERED**, that any such notice must include: (i) a description of the Excess Asset(s) to be sold; (ii) the purchase price being paid for such Excess Asset(s); (iii) the name and

---

[1] As set forth in the Motion, Excess Assets are non-core assets that, among other things, have a book value and fair market value not exceeding $200,000 per asset.

address of the purchaser, along with a statement as to whether such purchaser is an insider or affiliate of any of the Debtors; (iv) the name of the applicable Debtor; (v) a copy of the proposed purchase agreement, if any, intended to govern the sale (such purchase agreement may contain all of the information listed in this paragraph); and (vi) the name and address of the broker, if any, with a statement of the broker's disinterestedness and the amount of any commission payable to the broker upon consummation of the Sale; and it is further

**ORDERED**, that if a written objection by one of the Notice Parties to any sale is received by counsel for the Debtors within ten (10) days from the service of notice of an intended sale then, absent a settlement, a hearing will be required to authorize the Debtors to proceed with the proposed sale; provided, however, that if such objection relates solely to the use of proceeds from the sale, then the sale will proceed, but the Debtors will hold the proceeds of the sale in a segregated account pending further order of the Court; and it is further

**ORDERED**, that, pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, sales of the Excess Assets will be free and clear of all liens, claims, encumbrances and interests, with such liens, claims, encumbrances and interests, if any, to attach to the net proceeds of such sales, subject to the rights and defenses of the Debtors with respect thereto; and it is further

**ORDERED**, that all sales are subject to higher and/or better written offers received by the Debtors prior to the expiration of the ten (10) day notice period; and it is further

**ORDERED**, that if any purchaser of Excess Assets in a transaction authorized hereby seeks to be entitled to rely on the benefits and protections of section 363(m) of the Bankruptcy Code with respect to such transaction, a further order of the Court shall be required. Such order may be part of an order approving a sale, if required under the procedures set forth in

the Motion, or by a separate order on the limited issue of the applicability of section 363(m). The Debtors are hereby authorized to schedule a hearing with respect to a separate order on the limited issue of the applicability of section 363(m) of the Bankruptcy Code on three days notice to the Notice Parties if requested to do so by a purchase of Excess Assets; and it is further

**ORDERED**, that the Debtors are authorized and empowered to take such actions and execute and deliver such documents and pay such sums as are reasonably necessary to effectuate the terms of this Order; and it is further

**ORDERED**, that this Court shall retain exclusive jurisdiction over the Debtors and any purchasers of Excess Assets pursuant to sales authorized hereby, to hear and resolve any disputes arising from or related to the Motion, Excess Asset sales, and the implementation of this Order.

**END OF ORDER**

Paul M. Nussbaum, Esq.
Martin T. Fletcher, Esq.
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street, Suite 1400
Baltimore, Maryland  21202-1626

Shelly C. Chapman, Esq.
Matthew A. Feldman, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099

John L. Daugherty, Esq.
Assistant United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD  20770

*1524364*