**SO ORDERED**

**Date signed December 16, 2003**



```
_____
         PAUL MANNES
    U. S. BANKRUPTCY JUDGE
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **In re:** * | |
| **NATIONAL ENERGY & GAS** * | Case No.: 03-30459 (PM) and 03-30461 (PM) |
| **TRANSMISSION, INC. (f/k/a PG&E** | through 03-30464 (PM) and 03-30686 (PM) |
| **NATIONAL ENERGY GROUP, INC.),** *et* * | through 03-30687 (PM) |
| *al.* | Chapter 11 |
| * | |
| **Debtors.** | (Jointly Administered under |
| * | Case No.: 03-30459 (PM)) |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**ORDER MODIFYING AUTOMATIC STAY AND
DIRECTING RETURN OF CASH COLLATERAL
BY PJM INTERCONNECTION, LLC**

Upon the motion (the "Motion") of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases, for an order, pursuant to sections 362(d) and 553 of title 11 of the United States Code (the "Bankruptcy Code") modifying the automatic stay to permit PJM Interconnection, L.L.C. ("PJM"), to foreclose on certain collateral and directing the return of excess collateral to the Debtors; and PJM having consented to the relief sought in the Motion; and it appearing that due and sufficient notice of the Motion was provided and that no further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and their estates and after due deliberation and sufficient

cause appearing therefore; it is therefore by the United States Bankruptcy Court for the District of Maryland, hereby

    ORDERED, that the Motion is granted; and it is further

    ORDERED, that all capitalized terms not defined herein have the meaning set forth in the Motion; and it is further

    ORDERED, that the automatic stay provisions of section 362 of the Bankruptcy Code are hereby modified to permit PJM to foreclose on the Cash Collateral and setoff the Claim Amount against the Cash Collateral; and it is further

    ORDERED, that the Excess Collateral shall be returned to the Debtors within five business days of the expiration of the appeal period following the entry of this Order; and it is further

    ORDERED, that Debtors shall be considered withdrawn from membership in the PJM Interchange Energy Market, and PJM is authorized to take such measures as are necessary to ensure the Debtors exclusion from the PJM Interchange Energy Market; and it is further

    ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation or interpretation of this order.

**END OF ORDER**

cc:

Paul M. Nussbaum, Esquire
Martin T. Fletcher, Esquire
Whiteford, Taylor & Preston LLP
Seven Saint Paul Street, Suite 1400
Baltimore, Maryland 21202-1626

3

Matthew A. Feldman, Esquire
Shelley C. Chapman, Esquire
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY  10019-6099

Christopher D. Hein, Esquire
PJM Interconnection, L.L.C.
955 Jefferson Avenue
Valley Forge Corporate Center
Norristown, PA 19403

John L. Daugherty, Esquire
Assistant United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

*1525619*