IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| NATIONAL ENERGY & GAS | * | Case Nos: 03-30459 (PM) and 03-30461 (PM) |
| TRANSMISSION, INC. (f/k/a PG&E | * | through 03-30464 (PM) and 03-30686 (PM) |
| NATIONAL ENERGY GROUP, INC.), *et al.*, | * | through 03-30687 (PM) Chapter 11 |
| | * | |
| Debtors. | * | (Jointly Administered under |
| | * | Case No.: 03-30459 (PM)) |

\*   \*   \*   \*   \*   \*   \*        \*   \*   \*   \*   \*   \*

NEGT ENERGY TRADING HOLDINGS
CORPORATION,

      Plaintiff,     \*    Adversary Proceeding

v.    \*    No._____

AREVA GROUP,

AREVA T & D CORPORATION

And

ALSTOM EAI CORPORATION
      Defendants.

\*   \*   \*   \*   \*   \*   \*        \*   \*   \*   \*   \*   \*

**COMPLAINT TO AVOID PREFERENTIAL AND FRAUDULENT TRANSFERS AND
TO RECOVER PROPERTY PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550**

      1.    NEGT Energy Trading Holdings Corporation ("ET Holdings" or the "Plaintiff"), by and through its undersigned counsel, files this Complaint to Avoid Preferential and Fraudulent Transfers and to Recover Property Pursuant to 11 U.S.C. §§ 547, 548 and 550 against the above-captioned Defendants, and for cause, states as follows:

**JURISDICTION AND VENUE**

      2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

1

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

## THE PARTIES

5. ET Holdings is a California corporation with its principal place of business in Bethesda, Maryland and is a debtor herein.

6. Upon information and belief, Alstom EAI Corporation ("Alstom") was or is a corporation that was or is doing business in the United States. Upon information and belief, Alstom was acquired by Areva Group ("Areva"), an entity doing business in the United States with a principal office in Bethesda, Maryland, and merged into Areva's subsidiary, Areva T & D Corporation ("Areva T&D"), a New York corporation with a principal office in Manchester, New Hampshire. Areva, Areva T&D and Alstom are collectively referred to as the "Defendants".

## BACKGROUND

7. On July 8, 2003 (the "Petition Date"), ET Holdings, one of the Debtors in the above-captioned Chapter 11 cases,[1] filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). By order dated July 8, 2003, the Initial Debtors' cases were consolidated for procedural purposes.

---

[1] The Debtors are the following entities: (i) National Energy & Gas Transmission, Inc. ("NEGT"), (ii) NEGT Energy Trading Holdings Corporation f/k/a PG&E Energy Trading Holdings Corporation ("ET Holdings"), (iii) NEGT Energy Trading - Gas Corporation f/k/a PG&E Energy Trading - Gas Corporation ("ET Gas"), (iv) NEGT ET Investments Corporation f/k/a PG&E ET Investments Corporation ("ET Inv."), (v) NEGT Energy Trading - Power, L.P. f/k/a PG&E Energy Trading - Power, L.P. ("ET Holdings," together with ET Holdings, ET Gas and ET Inv., the "ET Debtors," and collectively with NEGT, the "Initial Debtors") and (vi) Energy Services Ventures, Inc. f/k/a PG&E Energy Services Ventures, Inc. ("ESV") and (vii) Quantum Ventures (together with ESV, the "Quantum Debtors").

8. On April 19, 2005, this Court confirmed the First Amended Plan of Liquidation for the ET Debtors and the Quantum Debtors, and such plan became effective on May 2, 2005.

### FIRST COUNT:
### AVOIDING PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

9. The Plaintiff adopts and incorporates by reference the allegations in Paragraphs 1 through 8 above, as if fully set forth herein.

10. On or within ninety days before the Petition Date, ET Holdings made transfers to one or more of the Defendants by check, wire transfer, or its equivalent, of ET Holdings' property in the aggregate amount of $194,360.00. A schedule of the transfers is set forth on **Exhibit "A,"** attached hereto and incorporated herein (collectively referred to as the "Transfers"). The total of the Transfers is referred to herein as the "Transfer Amount."

11. The Defendants were creditors of ET Holdings at the time of the Transfers.

12. The Transfers were made to or for the benefit of the Defendants herein.

13. The Transfers were made on account of an antecedent debt owed by ET Holdings before such Transfers were made.

14. ET Holdings was insolvent at the time the Transfers were made.

15. The Transfers enabled the Defendants to receive more on account of such debt than the Defendants would have received if ET Holdings' case was under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and the Defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

16. Pursuant to § 547 of the Bankruptcy Code, the Transfers may be avoided and set aside as preferential transfers.

17. Pursuant to § 550 of the Bankruptcy Code, transfers voidable under § 547 of the Bankruptcy Code are recoverable from the Defendants.

## SECOND COUNT:
## AVOIDING FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 AND 550

18. Paragraphs 1 through 10, and 14 are hereby incorporated as if fully set forth herein.

19. The Transfers were made to the Defendants.

20. The Transfers made by ET Holdings to the Defendants were made on or within one year before the Petition Date.

21. The Transfers to the Defendants constitute transfers of ET Holdings' property.

22. ET Holdings received less than a reasonably equivalent value from the Defendants in exchange for the Transfers.

23. ET Holdings was insolvent at the time when the Transfers were made, or became insolvent as a result of the Transfers.

24. Pursuant to § 548 of the Bankruptcy Code, the Transfers may be avoided and set aside as fraudulent transfers.

25. Pursuant to § 550 of the Bankruptcy Code, transfers voidable under § 548 of the Bankruptcy Code are recoverable from the Defendants.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court:

(1) Avoid and set aside the Transfers made by ET Holdings to the Defendants;

(2) Enter judgment against the Defendants in favor of the Plaintiff for the Transfer Amount;

(3)  Award the Plaintiff costs incurred in this suit; and

(4)  Award such other and further relief as this Court may deem necessary and proper.

Dated:  July 6, 2005

                WHITEFORD, TAYLOR & PRESTON L.L.P.


/s/     Kenneth Oestreicher
Kenneth Oestreicher, Esq. (No. 05567)
Martin T. Fletcher, Esq. (No. 07608)
Dennis J. Shaffer, Esq. (No. 25680)
Seven Saint Paul Street, Suite 1400
Baltimore, Maryland 21202-1626
(410) 347-8700

Counsel for Debtors

## Exhibit A

| ET Wire No. | Wire Date | Clear Date | Amount |
|---|---|---|---|
| 2100000255 | 6/26/03 | 6/26/03 | $22,800.00 |
| 2100000257 | 7/3/03 | 7/3/03 | 24,320.00 |
| 2100000217 | 4/17/03 | 4/17/03 | 31,920.00 |
| 2100000241 | 5/29/03 | 5/29/03 | 115,320.00 |
| | | **Total:** | **$194,360.00** |

*1627043*