Date signed July 29, 2005



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In Re: | * | |
| NATIONAL ENERGY & GAS | * | Case No.   03-30459(PM) and 03-30461(PM) |
| TRANSMISSION, INC, (f/k/a PG&E | * | through Case Nos. 03-30464(PM) |
| NATIONAL ENERGY GROUP, INC.) *et al.* | * | and 03-30686(PM) |
| **Debtors** | * | through 03-30687(PM) |
| | * | Chapter 11 |
| | * | (Jointly Administered under |
| ************************************* | * | Case No.: 03-30459 (PM)) |

### MEMORANDUM OF DECISION

On July 14, 2005, this court heard Debtors' Motion Pursuant to Sections 105(a) and 502(c)

of the Bankruptcy Code to Estimate the Maximum Amount of Certain Disputed Claims ("Motion to

Estimate").

### Background

Judith A. Tanselle ("Tanselle"), Matthew S. Schweider ("Schweider"), and Matthew

D. Vincent ("Vincent") (Tanselle, Schweider and Vincent, collectively, the "Employees") were

employees of PG&E Energy Trading Holdings Corporation ("ET Holdings") engaged in the arcane

business of energy trading and related services.  On May 30, 2003, the Employees filed a complaint

in the Circuit Court for Montgomery County, Maryland (the "Complaint") against ET Holdings and

PG&E Corporation (the "State Court Litigation"). The Complaint sets forth claims arising under

MD. CODE ANN., LAB & EMPL. §§ 3-501–3-509 (1999) relating to wages allegedly withheld

following the termination of their employment agreements.  Specifically, the Complaint alleges that Tanselle did not receive all of her deferred compensation for the year 2001 and that none of the Employees received supplemental incentive awards for the year 2002.  Among other causes of action, the Complaint asserts a claim for treble damages under § 3-507.1(b) of the Maryland Wage Payment and Collection Law ("MWPCL").

The filing of Debtors' Chapter 11 bankruptcy cases on July 8, 2003, effected a stay of the State Court Litigation as to ET Holdings pursuant to 11 U.S.C. § 362(a).  Debtors then filed a Notice of Removal on October 8, 2003, pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027, thereby removing the State Court Litigation to the bankruptcy court. The matter proceeded in this court as Adversary Proceeding No. 03-01280.  On the Employees' Motion for Abstention and Order of Remand of Removed Action to State Court in the adversary proceeding, on January 28, 2004, this court lifted the stay as to ET Holdings and remanded the Complaint so that the State Court Litigation could proceed in the Circuit Court for Montgomery County.

On January 8, 2004, each of the Employees filed a proof of claim against ET Holdings (collectively, the "Employee Claims").  Attached to each proof of claim was a copy of the Complaint as well an Itemized Statement of Claim, Interest and Additional Charges.  Schweider filed a claim for trebled damages under the MWPCL in the amount of $212,232.00 based upon the 2002 supplemental bonus allegedly owed to him and for punitive damages in the amount of $1,000,000.  Vincent filed a claim for trebled damages under the MWPCL in the amount of $889,179.00 based upon the 2002 supplemental bonus allegedly owed to him and for punitive damages in the amount of $1,000,000.  Tanselle  filed a claim for trebled damages under the MWPCL in the amount of $3,251,181.00 based upon the 2001 deferred compensation and 2002 supplemental bonus allegedly owed to her and for punitive damages in the amount of $1,000,000.

2

The Debtors dispute each element of the Employee Claims with the exception of Tanselle's claim for 2001 deferred compensation.

In the Motion to Estimate, the Debtors argue that none of the Employee Claims should include a treble damages claim under the MWPCL or a punitive damages claim. The Debtors refer to those claims collectively as the "Penalty Claims", arguing that they should be disallowed as a matter of bankruptcy law. Therefore, Debtors request that this court's estimation of the maximum allowed amount of the Employee Claims omit the so-called Penalty Claims and include only the claims for 2002 supplemental bonuses and, in the case of Tanselle, the claim for 2001 deferred compensation. The nub of the Motion to Estimate is to fix the maximum amount of the claims held by each Employee. Thus, pro rata distribution could be made to other creditors without holding back sums equivalent to the total of the sums sought in the Employees' claims. Considering the magnitude of other claims, the court is not impressed with the allegations of urgency expressed in the Motion. Moreover, what the court really sees before it is a claims objection in other dress or a motion to revisit the order remanding the case to state court.

<u>Discussion</u>

The Debtors filed their Motion to Estimate pursuant to sections 105(a) and 502(c) of the Bankruptcy Code. Section 502(c)(1) provides that "[t]here shall be estimated for purpose of allowance under this section any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." Debtors assert that "[c]ourts of various jurisdictions have recognized that the long delays associated with the liquidation of contingent or unliquidated claims in large chapter 11 cases constitute 'undue delay' as that term is used in section 502(c)(1)." In their response to the Motion to Estimate, Vincent and Schweider argue that estimation of their claims is not warranted because there has been no undue delay and that, furthermore, any delay that has occurred is the result of Debtors' actions in

removing the State Court Litigation to this court and delaying depositions and document

production.

Debtors rely upon paragraph 25 of the Order Confirming First Amended Chapter 11 Plan

entered April 19, 2005. Paragraph 25 of the Order provides:

> With respect to Claims in Classes 5, 6 and 7, consistent with section Section 726(a)
> of the Bankruptcy Code (as made applicable by section 1129(a)(7) of the Bankruptcy Code)
> no distributions shall be made on account of any Claims of the kind specified in section
> 726(a)(3) through (a)(6) of the Bankruptcy Code.

The relevant portion of the Bankruptcy Code is § 726(a)(4), providing that:

> Except as provided in section 510 of this title, property of the estate shall be
> distributed ... in payment of any allowed claim, whether secured or unsecured, for any fine,
> penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the
> earlier of the order for relief or the appointment of a trustee, to the extent that such fine,
> penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by
> the holder of such claim.

Given the progress of the State Court Litigation, the court finds that the movants have not

sustained the burden that awaiting the resolution of the Employee Claims in the State Court

Litigation would unduly delay the administration of this case. The court has heard nothing to show

that litigation will not continue to proceed expeditiously.   At the time of the filing of the Motion to

Estimate, the State Court Litigation was in the discovery phase.  According to counsel for

Schweider and Vincent, a pretrial conference is set for September 23, 2005, before the Honorable

DeLawrence Beard, Chief Judge of the Circuit Court for Montgomery County, Maryland. And as

pointed out by claimants, the delays in the prosecution of that case can be traced to the actions of

Debtors.

Furthermore, an estimation of the Employee Claims would require this court to delve into

the merits of the claims under the MWCPL and, as the court stated in its Amended Memorandum of

Decision on Motion for Remand of Removed Action to State Court and for Abstention, "the state

court is far better situated to quickly and efficiently resolve issues that do not involve bankruptcy

4

law but are overwhelmingly matters of state law."  The court, therefore, will deny the Debtors'

Motion to Estimate.  Moreover, all of this discussion may be much ado about nothing.  The

application of a multiplier is for the trier of fact who possesses considerable flexibility in imposing

the multiplier.  Admiral Mortgage, Inc. v. Cooper, 745 A2d 1026, 1033 (Md. 2000).

     Notwithstanding the court's decision to deny the Debtors' Motion to Estimate, it is difficult

to refrain from addressing at this time the issue of whether the Employee Claims may include

claims for multiple damages under the MWPCL as well as for punitive damages.  Pursuant to

Section 3-507.1(b) of the MWPCL, "[i]f ... a court finds that an employer withheld the wage of an

employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award

the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other

costs."  In their Motion to Estimate, Debtors cite to Stevenson v. Branch Banking & Trust Corp.,

861 A.2d 735 (Md. App. 2004) for the proposition that the MWPCL "creates a substantial penalty

that serves as an incentive for the payor not to stonewall without legitimate reason."  Id. at 759.

     The court, however, agrees with the Employees that claims made pursuant to the MWPCL

are not necessarily punitive damages claims. But does that matter?  Multiple damages are likewise

subject to subordination pursuant to § 726(a)(4) and therefore ineligible for distribution under the

confirmed Plan.  But Stevenson also states that the MWPCL "create[s] a civil remedy by which

wrongfully withheld money can be recovered."  Id.  The court will not at this point broadly

characterize any claim brought under Section 3-507.1(b) of the MWPCL as punitive in nature.

Moreover, as the Maryland Court of Appeals pointed out in Admiral Mortgage, Inc. v. Cooper, 745

A.2d 1026 (Md. 2000),  "[t]he additional amount, though at least partially punitive in nature, may

also have a compensatory element to it, especially in a wage-withholding case."  Id. at 1034.

Section 3-507.1(b) does not require that damage awards by trebled; therefore, the trier of fact has

discretion when determining the amount of the award.  Id. at 1033.  Inasmuch as the court will deny

Debtors' Motion to Estimate, it will decline to speculate as to the amount of damages, if any, the trier of fact in the State Court Litigation will award under the MWPCL. It will also decline to speculate as to whether any portion of the award other than the recovery of wrongfully withheld money can be classified as compensatory, rather than as punitive.

With respect to the punitive damages claims asserted by each Employee, the court agrees with Debtors that those claims should be disallowed. Paragraph 25 of the Confirmation Order entered on April 19, 2005, provides that "[w]ith respect to Claims in Classes 5, 6 and 7 ... no distributions shall be made on account of any Claims of the kind specified in section 726(a)(3) through (a)(6) of the Bankruptcy Code." The Employees are members of Class 5 ("General Unsecured Claims Against ET Holdings") and their punitive damages claims fall within the ambit of Section 726(a)(4), which expressly encompasses claims "for ... punitive damages, arising before the earlier of the order for relief or the appointment of a trustee[.]" Moreover, the court agrees with Debtors that applicable law supports the disallowance of punitive damages in this case. <u>See, e.g.,</u> <u>In re GAC Corp</u>., 681 F.2d 1295, 1301 n.5 (CA 11 1982) (finding that punitive damages claim was properly stricken because the effect of allowing such a claim "would be to force innocent creditors to pay for the bankrupt's wrongdoing"); <u>In re A.H. Robins Co., Inc</u>., 89 B.R. 555 (E.D. Va. 1988) (punitive damages claim not allowed where allowance would frustrate successful reorganization and would risk inequitable distribution of estate assets).

Accordingly, the court will deny the Debtors' motion to estimate the Employee Claims, but the court will disallow the $1,000,000.000 punitive damages claim asserted in each of the Employee Claims. An appropriate order will be entered.

cc:    Steven Wilamowsky, Esq.
       Jessica S. Etra, Esq.
       Willkie Farr & Gallagher LLP
       787 Seventh Avenue

New York, NY 10019-6099

Paul M. Nussbaum, Esq.
Martin T. Fletcher, Esq.
Dennis J. Shaffer, Esq.
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street, Suite 1400
Baltimore, MD 21202-1626

Guy S. Neal, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington D.C. 20005

Sally Garr, Esq.
Nigel Wilkinson, Esq.
Patton Boggs LLP
2250 M Street, N.W.
Washington, D.C. 20037

Lynne Bernabei, Esq.
Alan R. Kabat, Esq.
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139

Daniel B. Edelman, Esq.
Yablonski, Both & Edelman
1140 Connecticut Avenue, N.W.
Ste. 800
Washington, D.C. 20036

Linda M. Correia, Esq.
Webster, Fredrickson & Brackshaw
1775 K Street, N.W.
Suite 600
Washington, D.C., 20006

John L. Daugherty, Esq., Assistant United States Trustee
6305 Ivy Lane, Suite 600,
Greenbelt, MD 20770

**End of Memorandum of Decision**