Date signed October 26, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| NATIONAL ENERGY & GAS : | Case No. 03-30459PM and 03-30461PM |
|   TRANSMISSION, INC. (f/k/a PG&E : | through 03-30464PM and 30-30686PM |
| NATIONAL ENERGY GROUP, INC.) : | through 03-30687PM (Jointly Administered |
|   et al. : | under **Case No. 03-30459PM** |
| Debtors : | Chapter 11 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |

**MEMORANDUM OF DECISION**

Before the court is what is termed the Fifth Interim and Final Fee Application ("Application") for compensation of Patton Boggs LLP, Special Counsel and Employment Benefits Counsel to the Debtors and Debtors in Possession ("Patton Boggs"). It is entitled a "Final Fee Application" although the litigation is ongoing. This situation is the result of a directive from the Office of the United States Trustee to "close the book" on this confirmed Chapter 11 case.

Counsel seeks compensation in the amount of $1,310,880.75, and reimbursement of out-of-pocket expenses in the sum of $63,216.12, aside from $300,000.00 in fees charged to other employment litigation and general employment counseling. The objections to the Application were filed on behalf of Matthew S. Schwieder and Matthew D. Vincent, who are opposing parties, together with Judith Tanzel, in the litigation that gives rise to the fee application. Neither the Office of the United States Trustee, that has closely monitored all fee applications in this case, nor any other creditor, aside from Ms. Tanzel whom the court is told joins in the objection, has made any objection to the fees and expenses claimed.

The objection falls in numerous categories.  The court agrees with some of the objections, as particularly spelled in the March 7, 2005 letter written by Lynn Birnalynne to John L. Dougherty, the Assistant United States Trustee.  The court has the impression, given the amount of compensation paid to professionals in this case, that if there was any issue as to practicing economy in the conduct of this litigation, the nod went to exquisite and meticulous preparation and perhaps over-preparation.  By and large the court finds that where the time appears to be overstated, it is time that is chargeable to those individuals on the lower end of the hourly charge scale.  The objecting parties point to the small amount of fees incurred by them in same period.  However, as explained in the course of the argument, an enormous amount of time was consumed in preparation for and responding to discovery propounded by the creditors.  The creditors point out that "Patton Boggs billed more than four times as many hours as did plaintiff's counsel billed for taking or defending all depositions in this litigation.

Similarly, the court finds some "fat" in the amount of reimbursement sought for out-of-pocket compensation.  The court does not believe that secretarial overtime is, in the most part, compensable absent some necessity for emergency document preparation.  Likewise, the court has some concern with the billing of temporary legal assistant time at the rate of $110.00 an hour.  The court assumes from the Application that this is the sum that was actually paid to the legal assistants.  The court has concerns that the payments to temporary employees should not be "marked up."

The court will now examine this case in the light of the guidance of the controlling cases, *Barber v. Kimbrells Ltd.*, 577 F.2d 216 (CA4 1978); *Anderson v. Morris*, 658 F.2d 246 (CA4 1981);  *Harman v. Levin*, 772 F.2d 1150 (CA4 1985); *In re Courtois*, 222 B.R. 491 (BC Md. 1998); *In re Bernard Hill*, 133 B.R. 61 (BC Md. 1991).

Looking at the *Johnson* factors *seriatim*:

(1) <u>Time and labor expended</u>  -  The court has no reason to believe that Patton Boggs spent less time on the services rendered than is shown in its Application.  Almost without exception, the court finds that the expenditure of time and labor was reasonable and necessary.

(2) <u>Novelty and difficulty of questions raised</u>  -  Here, the fact of the litigation being conducted outside this court limits the court's ability to pass on this factor.  However, the court has observed the diligence and ability of the opposing counsel, and the court has some understanding of the issues raised.

(3)  <u>Skill required to perform properly the services rendered</u>  -  The court adopts what was stated about the previous factor.

(4)  <u>Preclusion of other employment</u>  -  This factor has two parts.  To the extent the time was spent on this case, it could not be spent on other cases.  Perhaps more significantly is the fact that in representing the Debtors in this case, Patton Boggs was precluded from employment to represent competing interests.  This is a substantial consideration in that literally hundreds of law firms have been involved in this case.

(5)  <u>Customary fee for like work</u>  -  Here, Patton Boggs charged its customary rates for legal engagements of this type in bankruptcy matters.  These fees appear to be well within the norm that the court experienced for attorneys located in this area, but far below the level of the fees charged by other counsel representing the Debtors throughout this case.

(6)  <u>Whether the fee is fixed or contingent</u>  -  While the fees of Patton Boggs are based on their hourly rate schedule, there is a contingency in that the fees must be allowed by the court.

(7)  <u>Time limitations imposed</u>  -  Here again, the court cannot pass accurately on this issue, although there is one aspect that touches on this consideration.  The creditors have complained about overstaffing at depositions.  The court accepts the explanation given by Patton Boggs in scheduling depositions in close proximity to one another in order to avoid the possibility of one plaintiff being educated by the examination of another.

(8)  <u>Amount in controversy and results</u>  -  The claims aggregate more than $20 million.  These are substantial claims, and it is Debtors' obligation to defend these action.  The matter of the results obtained  is an open issue.

(9)  <u>Experience, reputation and ability of attorneys</u>  -  The Patton Boggs attorneys involved in this case are experienced in their fields.

(10)  <u>Undesirability of case</u>  -  This factor is not applicable.

(11)  <u>Nature and length of professional relationship with client</u>  -  Patton Boggs has represented the Debtors on general employment litigation and employment benefits since 1998.

(12)  <u>Attorney fee awards in similar cases</u>  -  This request for compensation appears to be well within the areas of compensation granted in this case and other similar cases.

The fee Application has been prepared fully in compliance with the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland that appears as Appendix D to the Local Rules of this court.

In consideration of all of the above, the court will allow compensation in the sum of $1,255.000.00, and reimbursement of expenses in the sum of $62,700.00. Counsel for Patton Boggs shall present an appropriate order.

cc:
Sally D. Garr/Stephen H. Sherman, Esq., Patton Boggs LLP,
    2550 M Street, N.W., Washington, DC 20037
Alan R. Kabat/Lynne Bernabei, Esq., Bernabei & Katz, PLLC,
    1773 T Street, N.W., Washington, DC 20009
Daniel B. Edelman, Esq., Yablonski Both & Edelman,
    1140 Connecticut Avenue, N.W., Suite 800, Washington, DC 20036
Martin T. Fletcher/Dennis J. Shaffer, Esq., Whiteford Taylor & Preston,
    Seven Saint Paul Street, Suite 1400, Baltimore, MD 21202
Guy S. Neal, Esq., Sidley Austin Brown & Wood LLP,
    1501 K Street, N.W., Washington, DC 20005
Steven Wilamowsky/Jessica S. Etra, Esq., Wilkie Farr & Gallagher LLP,
    787 Seventh Avenue, New York, NY 10019
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**