Date signed March 26, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| NATIONAL ENERGY & GAS | : | Case Nos. 03-30459PM |
|    TRANSMISSION | : | 03-30461 through 03-30464 |
| f/k/a PGE&E NATIONAL ENERGY, | : | and 03-30486 through 03-30687 |
|    INC., et al., | : | Chapter 11 |
| | : | (Jointly Administered under |
|                 Debtors | : | Case No. 03-30459PM) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Debtors, National Energy & Gas Transmission, Inc. (also "NEGT") and NEGT Energy Trading - Power L.P., f/k/a PG&E Energy Trading - Power L.P. (also "ET Power"), filed a Limited Objection to the Motion filed by Southaven Power, LLC ("Southaven"), Docket Entry No. 3955, to confirm the final award entered in the proceeding before the American Arbitration Association on February 1, 2007, entitled *In the Matter of Arbitration Among PG&E Energy Trading-Power, L.P., Claimant, Counter-Respondent, and Southaven Power, LLC, Respondent, Counter-Claimant Claimant, and NEGT Energy Trading-Power, L.P., Respondent*, Case No. 16-198 00206-03.

The arbitrators awarded Southhaven from ET Power the sum of $395,513,731.15, consisting of a termination amount of $394,792,000.00 and $721,731.15 in arbitration fees and costs awarded. Southaven was awarded $176,209,004.00 from NEGT under the Guaranty, "which amount is included within the amount of award from ET Power, not in addition to it." As the claim filed by Southaven against NEGT was in the sum of $176,209,004.00, the result of the arbitration was to allow that claim in its entirety.

The dispute before now this court involves Southaven's effort to increase the amount allowed on its January 6, 2004, claim against NEGT, to the extent that a certain loan made by ET Power to Southaven described as the Subordinated Loan is repaid in any part to ET Power. This issue appears to have been raised initially in the damage phase of the arbitration proceeding. The arbitrators declined to address this issue. Paragraph II.L. of the award states:

> L.  Future Behavior Under the Guarantee
>
> Southaven has requested that the Panel also hold that if the Required Guaranty Amount increases in the future based on events that occur after the arbitration, that NEGT would be liable for an added amount under the Guarantee. TR 8800-04. We decline so to proceed ahead of the voluntary dispute resolution procedures to which Southaven agreed in the CSA. In CSA § 29.1(c), the parties created a procedure to attempt to resolve any disputes "promptly, equitably and in a good faith manner" before they can resort to arbitration. It is only if disputes fail to be resolved under CSA § 20.1 within 30 days that a party can send the other side a notice of intent to arbitrate.
>
> If Southaven's request for this ruling is viewed as arising under the CSA, it would be premature for us to decide a dispute when the occasion to possibly increase the Required Guaranty Amount has not arisen, Southaven has not made demand upon ET, the parties have not attempted the voluntary procedures mandated in § 20.1(c) of the CSA, and no proper notice of arbitration has been given on that issue. If such a request is viewed as proceeding only under the Guarantee, that agreement does not have an arbitration provision, but envisions suit in state or federal court in New York State. R 185, § 10(d). In either event, we do not believe that this is the appropriate time and place to resolve the possibility of such a future dispute.

The parties' rights are subject to the Stipulation filed in this case. Docket Entry No. 2018. The Stipulation provides for the resolution of the claims filed by Southaven in accordance with the Rules of the American Arbitration Association pursuant to § 20.2 of the June 1, 2000 agreement among the parties. The Stipulation was approved by Order of court entered September 27, 2004. The Stipulation provided in part:

> 7. Southaven, Caledonia and GECC continue to reserve their rights to amend and supplement their Claims and/or to file additional proofs of claim for additional proofs of claim if they should deem it necessary and appropriate for any reason, including without limitation to provide an updated statement of amount due or for any other purpose for which a proof of claim filed in this case may be amended.

      10.  This Stipulation constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings, written and oral, between the Parties with respect to the subject matter hereof.  All promises, inducements, or statements of intention made by the Parties with respect to the subject matter hereof are embodied in this Stipulation.

Southaven never amended its proof of claim.  Moreover, at paragraph 3 of their Limited Objection, Debtors point out six separate occasions in the course of this matter where Southaven acknowledged the maximum amount of its Guaranty claim was $176,209,004.00, the amount allowed in the arbitration.

      The Stipulation committed all matters existing between these parties to the arbitrators.  The arbitrators did their job.  The court will enter an order confirming the arbitration award.  Nothing further remains to be done with respect to the Guaranty claim.  It has been allowed in full.

cc:
Matthew A. Feldman/Shelley C. Chapman, Esq., Willkie Farr & Gallagher, LLP
    787 Seventh Avenue, New York, NY 10019-6099
Martin T. Fletcher/Paul M. Nussbaum, Dennis J. Shaffer, Esq., Whiteford Taylor & Preston
    Seven Saint Paul Street, Suite 1400, Baltimore, MD 21202
Deborah H. Devan, Esq., Neuberger Quinn Gielen Rubin & Gibber
    One South Street, Baltimore, MD 21202-3282
Benjamin W. Hawfield, Esq., Moore & Van Allen
    100 N. Tryon Street, #4700, Charlotte, NC 28202-4003
Henry P. Baer Jr., Esq., Latham & Watkins, 885 Third Avenue, #1000, New York NY 10022
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**