Date signed January 14, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In re: | Chapter 11 |
|---|---|
| NATIONAL ENERGY & GAS TRANSMISSION, INC. (f/k/a PG&E NATIONAL ENERGY GROUP, INC.), *et al.*, | Case No.: 03-30459 (PM) and 03-30461 (PM) through 03-30464 (PM) and 03-30686 (PM) through 03-30687 (PM) |
| Debtors. | (Jt. Admin. under Case No.: 03-30459 (PM)) |
| **NEGT Energy Trading – Power, L.P.,** Movant, vs. Southaven Power, LLC, Respondent. | |

**MEMORANDUM OF DECISION**

This case came before the court on January 8, 2008, on the Liquidating Debtor's, NEGT Energy Trading – Power L.P. ("ET"), Motion for Order Authorizing Plan Distribution to Southaven Power, LLC ("Southaven") and Southaven's Limited Objection to the Motion. Because the issue for decision has been sharply focused and thoroughly briefed by the parties, the court will likewise focus and expedite its decision secure in the knowledge that this court is the first stop on the path of resolution of the single issue presented involving $16 million.

Each party filed a bankruptcy case under Chapter 11 – Southaven in the Western District of North Carolina on May 5, 2005, and ET in this court on July 8, 2003 (Case No. 03-30461PM). Each held a claim against the other. Southaven's claim against ET is in the sum of $395,513,731.15

and was allowed by this court by order entered March 28, 2007, confirming an arbitral award. ET's claim against Southaven was allowed in the sum of $91,727,510.56 by an order of the North Carolina court entered on November 20, 2007. Both orders are final.

In a nutshell, this dispute involves conflicting interpretations of Paragraph 8.2 of the First Amended Plan of Liquidation for the ET Debtors and the Quantum Debtors[1] ("Plan") that was confirmed by this court's order entered April 19, 2005. That confirmed Plan is the governing document for this dispute. Paragraph 8.2 of the Plan provides:

> Setoffs. The Liquidating Debtors may, but shall not be required to, set off or recoup, in accordance with applicable law, against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Claim, claims of any nature that the Liquidating Debtors may have against the holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff or recoupment nor the allowance of any Claim against the Liquidating Debtors shall constitute a waiver or release by the Liquidating Debtors of any claim that the Debtors or the Liquidating Debtors may possess against such holders.

ET argues that this paragraph enables it to setoff it pre-petition claim against Southaven against its post-confirmation distribution payable to it and that it may delay any payment to Southaven until it has its setoff claim paid in full. It attaches great weight to the fact that Southaven was one of three members of the Official Committee of Unsecured Creditors of ET and, therefore, intimately involved with the process of formation and confirmation of the confirmed Plan. Southaven argues that this is an apples to apples situation and that its claim, and not its distribution, is subject to setoff.

---

[1] The ET Debtors consist of: NEGT Energy Trading Holdings Corporation f/k/a PG&E Energy Trading Holdings Corporation; NEGT Energy Trading - Gas Corporation f/k/a PG&E Energy Trading - Gas Corporation; NEGT ET Investments Corporation f/k/a PG&E ET Investments Corporation; and NEGT Energy Trading - Power, L.P. f/k/a PG&E Energy Trading - Power, L.P. The Quantum Debtors consist of: Quantum Ventures; and Energy Services Ventures, Inc. f/k/a PG&E Energy Services Ventures, Inc.

The right of setoff by ET under 11 U.S.C. § 553(a)[2] is undisputed.  It is only the manner of how that setoff is effectuated that is in issue.  Section 553 "[s]imply acknowledges the set-off right which may exist under non-bankruptcy law, and which is commonplace and pervasive either by contract, by common law or by statute."  R. I. AARON, BANKRUPTCY LAW FUNDAMENTALS, § 10:17 (2007).  The principle of setoff has a long history.  WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 499 (West Pub. Co. 1897).

The court finds the position asserted by Southaven the result compelled by the controlling paragraph of the Plan.  The critical language of Paragraph 8.2 governs.

> The Liquidating Debtors may, but shall not be required to, set off or recoup, . . ., against **any Allowed Claim** and the distributions to be made pursuant to the Plan on account of such Claim, claims of any nature that the Liquidating Debtors may have against the holder of such Allowed Claim[.]  (Emphasis added.)

Just as with statutory interpretation where the court has the duty to give effect to every word of a statute and should be reluctant to "treat statutory terms as surplusage," so should the court treat a Plan in a bankruptcy case.  *See Etape v. Chertoff*, 497 F.3d 379, 384 (CA4 2007)(*quoting Duncan v. Walker*, 533 U.S. 167, 174 (2001)).  This doctrine is particularly compelling in a case of this magnitude where tens of millions of dollars have been devoted to professional fees.  *U.S. v. Mills*, 485 F.3d 219, 223-4 (CA4 2007)(*citing United States v. Robertson*, 474 F.3d 538, 540 n. 2 (CA8 2007)(*quoting United States v. Nordic Vill., Inc.*, 503 U.S. 30, 36 (1992))("[E]very word has some operative effect.")

When ET argues that the provisions of Paragraph 8.2 operate as to allow setting off its claim against Southaven's distribution, it wants to modify its confirmed Plan by making the words "any Allowed Claim" disappear.  The court finds this action impermissible.

Southaven shall submit an appropriate order on notice.

---

[2]  Four conditions are required for setoff under 11 U.S.C. § 553(a):

  (1) The creditor holds a "claim" against the debtor that arose before the commencement of the case;
  (2) The creditor owes a "debt" to the debtor that also arose before the commencement of the case;
  (3) The claim and debt are "mutual"; and
  (4) the claim and debt are each valid and enforceable.

5 COLLIER ON BANKRUPTCY ¶553.01[1](15th ed. revised 2007).

cc:      WHITEFORD, TAYLOR & PRESTON, L.L.P.
Paul M. Nussbaum
William F. Ryan
Martin T. Fletcher
Dennis J. Shaffer
Seven Saint Paul Street, Suite 1400
Baltimore, Maryland 21202-1626

NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.
Deborah Hunt Devan
One South Street, 27th Floor
Baltimore, Maryland 21202

LATHAM & WATKINS LLP
Mark A. Broude
Henry P. Baer, Jr.
885 Third Avenue, Suite 1000
New York, New York 10022-4834

MOORE & VAN ALLEN PLLC
Ben Hawfield
Hillary B. Crabtree
100 North Tryon Street, Floor 47
Charlotte, North Carolina 28202

US Trustee
W. Clarkson McDow, Jr., United States Tr
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770

Southaven Power, LLC
c/o Cogentrix Southaven Holdings, Inc.
Thomas J. Bonner, Vice President
9405 Arrowpoint Blvd.
Charlotte, NC 28273-8167

NEGT Energy Trading - Power, L.P.
19805 Executive Park Circle
P.O. Box 2350
Germantown, MD 20875-2350

All parties appearing on the limited service list

All parties requesting notice

**End of Memorandum of Decision**